COLLINS et al. v. LAMSON CONSOL. STORE SERVICE CO.

(Supreme Court, Appellate Term.   January 7, 1904.)

1. MUNICIPAL COURT—RENDITION OF JUDGMENT—MOTION FOR NEW TRIAL.
    The limitation contained in Municipal Court Act, § 230 (Laws 1902, p. 1557, c. 580), requiring the court to render judgment within 14 days from the time an issue of the fact is submitted in a case where a jury trial is not demanded, does not apply to the decision on a motion to set aside the verdict and the judgment and for a new trial.

2. SAME—STIPULATION FOR EXTENSION.
    A decision on a motion to set aside the verdict and the judgment and for a new trial in the Municipal Court having been made within the time "to decide" the motion as extended by stipulation of the parties, the justice was entitled to make the order thereafter.

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by William P. Collins and another against the Lamson Consolidated Store Service Company. From an order setting aside a verdict for defendant and the judgment rendered thereon and for a new trial, plaintiffs appeal.   Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

James A. Allen, for appellants.
Wellman & Gooch (Herbert C. Smyth, of counsel), for respondent.

GILDERSLEEVE, J.   This action was brought to recover for work, labor, and services rendered and materials furnished in the construction of two tanks at the New York Stock Exchange.   The case was tried and a verdict rendered on October 2, 1903.·  On this same day a motion was made by the defendant to set aside the verdict and the judgment and for a new trial.   On October 13, 1903, the attorneys for the parties entered into a written stipulation extending the justice's time in which to decide the motion for 10 days from the 15th day of October, 1903.   The return shows that the justice decided the motion on October 24, 1903, although it appears that the order was not made until October 26, 1903.   The appellant urges that the court below lost jurisdiction of the matter, and had no right to make an order more than 14 days after final submission of the motion to him, or after the expiration of the time named in the stipulation extending the time as aforesaid.

Appellant relies on section 230 of the Municipal Court act (Laws 1902, p. 1557, c. 580) in support of his contention.   Section 230 has reference only to the time in which a judgment must be rendered after final submission, and has no reference to motions.   The stipulation was given herein extending the time.of the court for 10 days in which "to decide" the motion, and the decision was rendered within the stipulated time, even if we should hold—which we do not—that the limitations contained in section 230 apply to the decisions upon motions.   The justice was justified in setting aside the verdict under the facts and circumstances disclosed by the record, and the order appealed from must be affirmed.

Order affirmed, with $10 costs and disbursements.   All concur.