(129 App. Div. 506.)

ROGERS v. WALSH, Municipal Court Justice, et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

1. COURTS (§ 189*)—MUNICIPAL COURT OF NEW YORK—MOTIONS—TIME OF DETERMINATION.

Municipal Court Act (Laws 1902, p. 1557, c. 580), § 230, providing that, upon issues being joined, if a jury trial is not demanded, the court must hear the evidence, etc., and render judgment within 14 days from the time it is submitted, applies only to judgments, and motions need not be disposed of within that time.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

2. MANDAMUS (§ 51*)—PURPOSE OF RELIEF—JUDICIAL PROCEEDINGS—ENTRY OF JUDGMENT.

Where the trial judge granted defendant's motion for a new trial upon payment of taxable costs, and thereafter plaintiff moved for judgment absolute because defendant had not paid the costs, and the motion was heard and decision reserved, mandamus would not lie to compel the judge to enter judgment for plaintiff; the question whether defendant had complied with the conditions of the order granting a new trial being one for further judicial determination.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 98–100; Dec. Dig. § 51.*]

Appeal from Special Term, Kings County.

Application for mandamus by John J. A. Rogers against John J. Walsh, as Justice of the Municipal Court of the City of New York, Borough of Brooklyn, and another. From an order denying a motion for a peremptory writ, plaintiff appealed. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Paul V. O'Neil, for appellant.
Dykman, Oeland & Kuhn, for respondent Walsh.

JENKS, J.  This is an appeal from an order of the Special Term denying a motion by a plaintiff that a peremptory writ of mandamus issue to a justice and a clerk of the Municipal Court to enter a judgment in favor of the plaintiff.  The said plaintiff gained a verdict after trial before that justice and a jury; but the court granted a motion for a new trial made by the defendant upon her payment of the taxable costs, and set the cause down for trial on a certain day.  On the day set for trial the plaintiff stated to another justice, who was presiding at that time, that the defendant had not paid the costs and moved for judgment absolute.  The court referred the matter to the justice who had granted the motion for a new trial.  On December 20, 1907, the court presided over by that justice heard the application, which was contested, and reserved its decision.  It had not rendered any decision on January 22, 1908, when the plaintiff renewed his motion, which was heard, and decision thereon was reserved.  No decision had been made on March 16, 1908, when this plaintiff moved for the said writ.  The learned Special Term denied the motion on the ground that there was an order in the case setting aside the verdict on payment of the taxable costs, and the question whether the condition thereof was duly complied with had not been determined by the Municipal Court.

I think that the learned Special Term was right.  The plaintiff himself shows that this motion for judgment on the ground of noncompliance with the order granting a new trial is before the Municipal Court under a decision reserved and not yet rendered.  In Collins v. Lamson Consol. Store Service Co. (Sup.) 85 N. Y. Supp. 1110, the Appellate Term (Freedman, P. J., and Gildersleeve and Greenbaum, JJ.) held that section 230 of the Municipal Court Act (Laws 1902, p. 1557, c. 580) refers only to the time in which a judgment must be entered and has no reference to motions.  I think that this decision was correct.  The Municipal Court had the power to grant a new trial.  Section 254, Municipal Court Act and title 1, subd. 19, § 1, Id.  Whether or not the defendant had complied with the conditions of the order granting a new trial was a question for a judicial determination.

Order affirmed, but without costs.  All concur.